FILED
09/09/2022
Carmin Hill
CLERK
Madison County District Court
STATE OF MONTANA
By: Carmin Hill
DV-29-2022-0000073-NE
Berger, Luke
1.00

Daniel P. Buckley
Buckley Law Office, P.C.
200 Highland Boulevard, Suite 203
Bozeman, Montana 59715
406.587.3346
dbuckley@danbuckleylaw.com

Timothy P. Hammar
Angel, Coil & Bartlett
200 Highland Boulevard, Suite 203
Bozeman, MT 59715
406.586.1926
timothy@angelcoilbartlett.com

*Attorneys for Plaintiff*

MONTANA FIFTH JUDICIAL DISTRICT COURT, MADISON COUNTY

| SHARON TURNER, Plaintiff, vs. MONICA SCHROEDER, Defendant. | Cause No. _____ **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

COME NOW the Plaintiff, Sharon Turner, by and through counsel, and hereby alleges, states and complains as follows:

1. At all times relevant herein, Plaintiff Sharon Turner resided in Memphis, Tennessee.

2. Upon information it is believed that at all times relevant hereto the Defendant, Monica Schroeder, resided in Birmingham, Alabama.

3. Montana has jurisdiction over this matter given that the injuries sustained by

*Turner v. Schroeder* 1

Plaintiff due to Defendant's negligence occurred in this State.

4. Venue is proper based upon the allegations contained herein.

5. Defendant is responsible and liable for injuries and damages sustained by Plaintiff as a result of actions, inactions, and/or omissions of the Defendant which occurred while the Plaintiff and Defendant were skiing at Big Sky Resort in Madison County, Montana, on March 12, 2020.

6. On the afternoon of March 12, 2020, Plaintiff and Defendant were skiing and making turns in a single file line while participating in a ski school lesson.

7. During the lesson, Plaintiff turned to her left, while Defendant was behind Plaintiff.

8. Defendant, without regard to course, speed, control, right-away of those downhill (including Plaintiff), or waiting an appropriate amount of time, began skiing down behind Plaintiff and did not follow safe ski practices.

9. Defendant failed to avoid Plaintiff, who was downhill from Defendant, and negligently collided with Plaintiff's skis, back right ski boot, and Plaintiff's leg.

10. This resulted in Plaintiff falling, causing Plaintiff to break her femur and sustain related injuries.

11. As a result, Plaintiff sustained injuries to her leg that required multiple surgeries and extensive rehabilitation.

12. That soon after the collision, Defendant told Plaintiff she was "sorry" for running into the back of Plaintiff.

## NEGLIGENCE AND NEGLIGENCE PER SE

13. Plaintiffs reallege all of the facts set out in the introduction and alternate counts of

this Complaint.

14. Defendant had a duty to ski safely and prudently as is reasonable and standard in downhill skiing and to keep proper speed and course for her ability.

15. Defendant had a duty to be aware of her surroundings, not be distracted or negligent in following the ski school instruction (or the instructions of the ski area operator), not undertake actions and or omissions that would result in unsafe skiing, and to abide by rules and responsibilities established for skiers at ski resorts.

16. Defendant breached her duties.

17. Defendant also breached her duties due to the following acts or omissions:

    a. Failure to abide by Big Sky Resort rules.

    b. Failure to abide by the skier responsibility code as published by the National Ski Areas Association, including those duties stated above.

    c. Failure to abide by Montana's Skier responsibility Act, including those duties stated above. *See* Mont. Code Ann. § 23-2-736.

    d. Failure to ski in accordance with posted safety guidelines, rules, and signs.

18. The statute contemplates the injury that occurred and the kind the statute desires to prevent, and Plaintiff is a member of a stated class and that Defendant shall accept all legal responsibility arising therefrom.

19. As a direct and proximate cause, Plaintiff has suffered special and general damages as a result of the negligence of the Defendant.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

1. For Judgment against Defendant and in favor of Plaintiff;

2. For compensatory special damages including but not limited to all past, present and future medical expenses and lost wages;

3. For damages to be determined at trial for all past, present and future mental anguish and emotional distress.

4. For compensatory general damages including but not limited to, loss of enjoyment of life, deformity and limited use, loss of ability to pursue an established course, and physical pain and suffering;

5. For costs of suit incurred herein;

6. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED and DATED this 9 day of September, 2022.

BUCKLEY LAW OFFICE, PC

By: /s/ Daniel P. Buckley
Daniel P. Buckley
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial consisting of 12 jurors from Madison County.

DATED this 9 day of September, 2022.

BUCKLEY LAW OFFICE, PC

By: /s/ Daniel P. Buckley
Daniel P. Buckley
Attorney for Plaintiff